UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GARNER, | ) | Case Nos.: 1:05 CR 44 |
| | ) | |
| Defendant-Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent | ) | <u>ORDER</u> |

Currently pending before the court is Petitioner David Garner's ("Petitioner" or "Garner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") (ECF No. 599), moving this court to issue an order vacating his 240-month sentence. For the following reasons, the court denies Petitioner's Motion and transfers the matter to the Sixth Circuit.

## I. FACTS AND PROCEDURAL HISTORY

On February 24, 2006, Petitioner was found guilty by jury verdict of three counts of possession with the intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). (Jury Verdict, ECF No. 335.) At the Sentencing Hearing, Petitioner was sentenced to 240 months in prison on each count to run concurrently, and to run concurrent with Count 1 in Case No. 1:05-cr-392, but to run consecutive to Count 2 in Case No. 1:05-cr-392, followed by 10 years of supervised release. (Sentencing Tr., ECF No. 410.).

Petitioner timely appealed the convictions to the Sixth Circuit. The Sixth Circuit affirmed the conviction on May 1, 2008. (*See* ECF No. 458.) Petitioner applied to the Supreme Court of the

United States for a Writ of Certiorari on June 27, 2008.  (*See* ECF No. 466.)  The Supreme Court denied Petitioner's Petition for Writ of Certiorari on October 6, 2008.  (*See* ECF No. 479.)

On October 6, 2009, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 510) ("First Motion to Vacate"), asserting ineffective assistance of counsel.  (Oct. 6, 2009 Mot. Vacate at 5-9.)  The court denied Petitioner's First Motion to Vacate on April 29, 2011.  (*See* ECF No. 531.)  On May 9, 2011, Petitioner appealed this court's denial of his First Motion to Vacate to the Sixth Circuit.  (Notice of Appeal at 2, ECF No. 535.)  The Sixth Circuit affirmed the decision of this court on November 7, 2011.  (*See* ECF No. 556.)  On February 1, 2012, Petitioner filed a Petition for Writ of Certiorari to the Supreme Court to review the Sixth Circuit's affirmation.  (*See* ECF No. 570.)  The Supreme Court denied Petitioner's Petition for Writ of Certiorari on April 17, 2012.  (*See* ECF No. 575.)

On June 6, 2013, Petitioner filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) and in the Alternative Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 588) ("Motion for Sentence Reduction or to Vacate"), moving the court to retroactively apply a sentencing guidelines reduction.  (Mot. Sentence Reduction Alt. Mot. Vacate at 1.)  This court denied the Motion on January 6, 2014.  (ECF No. 598.)

Petitioner filed the current Motion to Vacate on January 2, 2015.  (*See* ECF No. 599.)  On January 20, 2015, Petitioner filed a Motion for Leave to Supplement his Motion to Vacate (ECF No. 601), which the court granted on January 27, 2015 (Non-Document Order on January 27, 2015).  However, Petitioner never supplemented the Motion to Vacate.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) the sentence was imposed in violation of the Constitution or the laws of the

United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, "to prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Moreover, in order to obtain this form of collateral relief, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Further, "[o]nce the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

### III. LAW AND ANALYSIS

In his Motion to Vacate, Petitioner asserts that this court should vacate his sentence because the Supreme Court's holding in *Burrage v. United States*, 134 S.Ct. 881 (2014), established "a new 'substantive' change in the Supreme Court's interpretation of the elements of 21 U.S.C. §§ 846 and 841(a)(1), and their connection to 21 U.S.C. § 841(b)," that requires the "knowingly or intentionally" element to be extended to the facts in § 841(b), "especially the identity of the controlled substance." (Mot. Vacate at 4-5.) Further, Petitioner asserts that he is "actually innocent of the sentencing enhancement that was imposed on him [pursuant to] 21 U.S.C. § 851 for his conviction [for violating] 21 U.S.C. § 846 and 841(a)(1) . . . [b]ecause the Ohio Rev. Code § 2925.03 drug conviction is not a 'felony drug conviction,' as a matter of statutory construction." (*Id.* at 5.)

The Government asserts that Petitioner's Motion to Vacate is improper because, as a successive motion to vacate, Petitioner failed to properly obtain permission from a three-judge Sixth

Circuit panel to file such Motion. The Government also asserts that Petitioner's Motion is untimely under the one-year limitation provided in § 2255(f). Because the court finds the Government's permission argument to be well-taken, the court does not address the Government's timeliness argument or the merits of Petitioner's Motion to Vacate.

### Transfer to the Sixth Circuit

The Government asserts that the district court must transfer Petitioner's Motion to the Sixth Circuit for certification because it is a successive § 2255 motion to vacate. Petitioner argues that his previous Motions to Vacate "cannot serve as a first motion for second or successive purposes" because "this court did not provide him with the [*Castro v. United States*, 540 U.S. 375, 382 (2003)], warning." The court does not find Petitioner's argument to be well-taken.

Under 28 U.S.C. § 2255(h), a second or successive motion to vacate under § 2255:

> must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because of this additional hurdle created for successive motions, the Supreme Court has held that:

> a district court may not recharacterize a *pro se* litigant's motion as a request for relief under § 2255—unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion.

*Castro v. United States*, 540 U.S. 375, 382 (2003).

The *Castro* rule is inapplicable here. According to the Supreme Court, "*Castro* dealt with a District Court, of its own volition, taking away a petitioner's desired route . . . and transforming

-4-

it, against his will, into a § 2255 motion." *Pliler v. Ford*, 542 U.S. 225, 233 (2004). Here, Petitioner intended for both his Original Motion to Vacate, and his Motion for Sentence Reduction or to Vacate to be considered as motions to vacate. Petitioner explicitly named the Motions as such. Thus, the district court did not "of its own volition, take away [Petitioner's] desired route," which is what the Castro rule protects against. Such intentional characterization by the Petitioner is not protected. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("[Petitioner's] reliance on [*Castro*], is misplaced. That case reversed a lower court's recharacterization of a motion requesting a new trial pursuant to Federal Rule of Criminal Procedure 33 as a first habeas petition. Here Burton filed his first habeas petition as such in 1998; it involves no similar 'recharacterization' . . . ."). Therefore, the court must consider Petitioner's current Motion to Vacate as a successive motion for purposes of § 2255(h).

It is undisputed that Petitioner has not obtained § 2244(b)(3) authorization from the Sixth Circuit to bring his current Motion to Vacate. Accordingly, the court must transfer Petitioner's Motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

## IV. CONCLUSION

For the reasons stated above, the court denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 599) and transfers the matter to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT